{¶ 37} I agree with the majority's statement of the law. I would concur in the majority's disposition had the victims, in fact, received payment of all but $500.00 of their economic loss from their insurer. However, the fact they anticipate receiving such is not the same as already having received that payment. It is apparent the trial court's order was fashioned to allow for that contingency. Nevertheless, at the time of hearing, the victims' economic loss stood at $5,000.00.
 {¶ 38} The statute specifically allows either the victim or offender to file for modification of the payment terms. I agree the trial court cannot order restitution payment to third parties under the amended version of the statute[1], however, the trial court's order attempts to provide for this contingency by retaining jurisdiction to modify the restitution order and by requiring the victims to promptly notify the trial court if payment is received from the insurance company.
 {¶ 39} While I agree that portion of the trial court's entry which allows for the possible future substitution of the insurance company as payee of the restitution order constitutes legal error, I would affirm the balance of the trial court's entry. Specifically, I dissent from the majority's decision to enter final judgment for $500.00 as restitution.
[1] Upon payment, the third party insurance carrier would become subrogated to the victims' claim against the offender and could pursue its legal remedies in a separate court action. *Page 1